IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HOWARD BANK <br> 3301 Boston Street <br> Baltimore, Maryland 21224 <br><br> Plaintiff <br><br> v. <br><br> M/V "MOTHERSHIP" <br> A 65' Ocean Alexander trawler <br> And her accessories, engines, etc. <br> Fed Doc. No. 921320 <br><br> and <br><br> TIMOTHY EDWARD HORAN <br> 319 Prospect Bay Drive <br> Grasonville, Maryland 21638 <br><br> And <br><br> VALERIE JO HORAN <br> 319 Prospect Bay Drive <br> Grasonville, Maryland 21638 <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## VERIFIED COMPLAINT FOR FORECLOSURE OF PREFERRED SHIPS MORTGAGE

Howard Bank, Plaintiff, by Hartman, Attorneys at Law and C. Edward Hartman, III, its attorneys, hereby files this Complaint to Foreclosure upon a Preferred Ship's Mortgage:

1. This is a case of admiralty jurisdiction pursuant to 28 U.S.C. §1333 and Supplemental Rule C of the Federal Rules of Civil Procedure and involves a claim for breach of contract due to the Defendants' failure to pay the debt evidenced by a promissory note secured by a Preferred Ship's Mortgage, both of which are held by Howard Bank.

2. Plaintiff is a Maryland banking corporation organized under the laws of the state of Maryland.

3. Upon information and belief, Defendants Timothy Edward Horan and Valerie Jo Horan (hereinafter referred to as the "Horans") are residents of the State of Maryland.

4. The Mothership is a 1986 Ocean Alexander 60, lengthened to 65' with the addition of a cockpit (hereinafter referred to as the "Vessel"). On or about March 8, 2010, the Horans promised and agreed to pay to the order of 1st Mariner Bank the original sum of $187,000.00; that obligation was secured by the execution and recordation with the United States Coast Guard of a Preferred Ship's Mortgage (hereinafter referred to as the "PSM") on the Vessel. A true and accurate copy is attached here as Exhibit A.

5. Since that time, Howard Bank has become the holder of the aforementioned obligation and the PSM by merger with 1st Mariner Bank. Upon information and belief, the Mothership is either currently located within in the District or will be located within this District while the action is pending.

6. Defendants have repeatedly made false representations, both to the court and to the Plaintiffs regarding their conduct and compliance with the terms of the PSM and the court's orders.

7. Defendants have shown through their conduct that they cannot be trusted and Plaintiff strongly suspects and has good reason to believe that they will attempt to depart and remove the vessel from this district.

## COUNT I
## BREACH OF CONTRACT

8. The allegations of the preceding paragraphs are incorporated herein this Count I.

9. The Horans have failed to perform their obligations under the PSM and related documents, including but not limited to, the failure to make monthly payments. As set forth in the attached PSM, any payment not received when due constitutes an Event of Default. See Preferred Ship's Mortgage, pg. 3.

10. Upon an Event of Default, Lender shall have the right to "bring suit in equity or admiralty," and "take and enter into possession of the Vessel, at any time." *Id*.

11. The Horans remain in default.

12. The current balance due under the PSM is broken down as follows:

| | |
|---|---|
| Principal: | $167,572.36 |
| Interest: | $12,227.74 |
| Late Fees: | $5,017.44 |
| Survey Fee: | $950.00 |
| Attorneys' Fees: | $7,500.00 |
| Total: | $193,267.54 |

13. Despite Plaintiff having made demand for payment of the balance, the Defendants have failed to do so.

14. The Defendants' failure to pay the balance due is a material breach of the terms of the PSM held by the Plaintiff.

WHEREFORE, Plaintiff demands judgment in its favor and against Timothy Edward Horan and Valerie Jo Horan, jointly and severally, in the amount of $193,267.54, plus costs.

## COUNT II
### FORECLOSURE OF PREFERRED SHIPS MORTGAGE

15. The allegations of the preceding paragraphs are incorporated herein this Count II.

16. The PSM is a preferred mortgage under 46 U.S.C.S. §31322, and the foreclosure of said instrument is governed by 46 U.S.C.S. §31325.

17. Pursuant to 46 U.S.C.S. §31325, Plaintiff has a maritime lien against the vessel and, upon default, Plaintiff, as mortgagee, may "enforce the preferred mortgage lien in a civil action in rem for a documented vessel." 46 U.S. Code § 31325(b)(1).

18. In addition, in a civil action brought under section (b)(1) of 46 USC §31325, "when directed by the court, a United States marshal may take possession of a mortgaged vessel even if the vessel is in the possession or under the control of a person claiming a possessory common law lien." 46 U.S. Code § 31325(e)(2).

19. Plaintiff requests that the U.S Marshall arrest the vessel and auction it to distribute the proceeds to the Plaintiff and subsequent interest holders.

WHEREFORE, Plaintiff respectfully requests that this honorable court

A. Enter judgment in its favor and against The Mothership in the amount of $193,267.54;

B. Issue a Warrant of Arrest in order to serve the Vessel;

C. After proper notice, ultimately sell the Mothership at auction conducted by the U.S. Marshall;

D. Apply the proceeds thereof to:
   a. Costs associated with this action;
   b. The debt secured by the Preferred Ships Mortgage;
   c. Any subsequent claimants;

E. Grant such other and further relief as the nature of this cause may require.

HARTMAN, Attorneys at Law

By: /s/ C. Edward Hartman, III

C. Edward Hartman, III, #01776
ed@hartman.law
116 Defense Highway, Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 fax
Attorneys for Plaintiff

**VERIFICATION OF COMPLAINT AND
CERTIFICATION OF EXIGENT CIRCUMSTANCES**

1. I am the Vice President of Howard Bank, the Plaintiff herein, I am over the age of 18 and competent to testify to the matters set forth in the Complaint.

2. I have personal knowledge of the allegations of the foregoing Complaint.

3. The allegations of the Complaint are true and correct to the best of my knowledge, information and belief.

4. The Horans have failed to make the payments due under the note secured by the Preferred Ships Mortgage recorded among the records of the United States Coast Guard applicable to the vessel Mothership.

5. I believe that the Defendants intend to depart the marina shortly and to thereafter remove The Mothership from this district.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on October 30, 2018

Jack Melocik
Vice President, Howard Bank