IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD BANK,
*Plaintiff*,

v.

M/V "MOTHERSHIP," et al.
*Defendants*.

Civil Action No. ELH-18-3378

**MEMORANDUM**

In this admiralty case, the Court filed a Memorandum (ECF 44) and Order (ECF 45) on Friday, May 10, 2019, releasing control over M/V "Mothership" (the "Vessel") to the bankruptcy court in the case of *In re Timothy & Valerie Horan*, No. TJC-19-10407. The Clerk docketed the Memorandum and Order on Monday, May 13, 2019. In response, on Friday, May 17, 2019, shortly after 5:00 p.m., plaintiff Howard Bank filed a "Motion To Strike Or To Reconsider," ECF 47 (the "Motion to Reconsider"), and a motion for stay of execution of the Order. ECF 48 ("Motion to Stay"). The Motion to Reconsider was filed pursuant to Fed. R. Civ. P. 60 and is supported by multiple exhibits. ECF 47-2 to ECF 47-5.[1]

No hearing is necessary to resolve the Motions. *See* Local Rules 105.6. For the reasons set forth below, I shall deny the Motion to Reconsider and the Motion to Stay.

**I. Background**

On October 31, 2018, plaintiff Howard Bank filed a verified complaint in district court, seeking foreclosure against defendants M/V "Mothership," Timothy Edward Horan, and Valerie Jo Horan, asserting admiralty jurisdiction. *See* ECF 1 (the "Complaint"). In particular, plaintiff alleged breach of contract as to the Horans, jointly and severally (Count I), and sought foreclosure

---

[1] The exhibits are primarily duplicates of filings that plaintiff has previously submitted to the Court.

of a preferred ship mortgage as to the Vessel (Count II). Plaintiff claimed exigent circumstances, and provided a sworn statement (*id.* at 5) in support of that contention. *Id.* ¶ 7.

In addition, plaintiff moved for appointment of substitute custodian (ECF 2) for the Vessel and for issuance of a warrant in rem (ECF 3), ordering the United States Marshal to take and retain custody of the Vessel. The Court granted the motions on November 1, 2019 (ECF 11; ECF 12), and the warrant was executed the next day. ECF 17. On November 2, 2019, the Court granted plaintiff's second "Motion for Order Appointing Substitute Custodian for the Vessel 'Mothership.'" ECF 15; ECF 16.

Since 2017, Mr. Horan has filed for bankruptcy three times, and Ms. Horan has filed for bankruptcy twice. *See In re Timothy & Valerie Horan*, Nos. TJC-17-16732, TJC-19-10407 (D. Md.); *In re Timothy Horan*, No TJC-18-25040. On November 14, 2018, after this suit was filed, Mr. Horan filed for bankruptcy. ECF 21-3. But, on December 21, 2018, Howard Bank notified the Court of the termination of the automatic stay in *In re Timothy & Valerie Horan*, No. TJC-17-16732. ECF 21 at 2.

Then, on January 30, 2019, Howard Bank notified the Court that the Horans had filed for bankruptcy on January 11, 2019. ECF 23; *In re Timothy & Valerie Horan*, No. TJC-19-10407. However, Howard Bank asserted that no automatic stay went into effect because of the Horans' prior bankruptcy filings. ECF 23; *see also* 11 U.S.C. § 362(c)(4)(a)(i). As discussed, *infra*, that assertion was not entirely correct.

On February 5, 2019, Howard Bank moved for judgment and sale of the Vessel (ECF 24), supported by several exhibits (ECF 24-1 to ECF 24-7), as corrected on February 6, 2019. ECF 25. Upon consideration of Howard Bank's motion, and by Order of February 6, 2019, the Court authorized the United States Marshal to sell the Vessel within thirty days. ECF 26.

Thereafter, on February 21, 2019, the Horans, who are self-represented in this Court, filed a consolidated "Response to Plaintiff's Motion for Judgment and Sale of Vessel 'Mothership'" and a "Motion for the Return of the Vessel to the Defendants, and Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and/or Request for Hearing." ECF 27 (the "Motion"). Pursuant to Supplemental Federal Admiralty Rule E(4)(f), on February 25, 2019, the Court stayed the Order of February 6, 2019, pending resolution of the defendants' Motion. ECF 28.

On March 6, 2019, this Court held a status conference (ECF 31) with the parties, in open court, and on the record. During the status conference, counsel for plaintiff stated that in his earlier notification to the Court (ECF 23), he had mistakenly informed the Court that there was no automatic stay in *In re Timothy & Valerie Horan*, No. TJC-19-10407.

Instead, at that time, an automatic stay was imposed at least as to the property of Ms. Horan's bankruptcy estate, which includes the Vessel. On March 1, 2019, the bankruptcy court terminated the stay "with respect to the debtor Timothy Edward Horan and property of his estate, and to Valerie Horan, personally, but not to property of the estate of Valerie Horan." *In re Timothy & Valerie Horan*, No. TJC-19-10407, ECF 44 (D. Md. Mar. 1, 2019). Because Ms. Horan owns an interest as a tenant in the entirety in the Vessel, a stay remained in effect as to the Vessel. *Id.*

The parties also addressed the significant cost of the custodial supervision of the Vessel, and Mr. Horan's belief that he could sell the Vessel for more than the Bank would obtain, and with while incurring far less in costs. *See, e.g.*, ECF 15, ¶ 8. In an Order of March 7, 2019 (ECF 32), I expressed concern about the potentially avoidable costs and expenses inherent in the storage of the Vessel, but noted that I was unable to take any action as to the Vessel because of the stay. Further, I directed the parties to notify the Court if and when the stay is lifted. *Id.*

On April 24, 2019, Bankruptcy Judge Thomas J. Catliota issued an order in the case of *In re Timothy & Valerie Horan*, No. TJC-19-10407, ECF 88. The order addressed two motions. In the first motion, Howard Bank sought relief from the stay so that it could proceed with foreclosure on the Vessel. In the second motion, the Horans sought turnover of the Vessel, pursuant to 11 U.S.C. § 542.

The bankruptcy court concluded that the motions could be easily resolved as a matter of bankruptcy law. *In re Timothy & Valerie Horan*, No. TJC-19-10407, ECF 88 at 3. It concluded that the Horans should have the first opportunity to sell the Vessel, by the end of the summer, provided the Horans make monthly payments of $960 to Howard Bank, maintain adequate insurance, pay monthly dock fees for the Vessel, and maintain the Vessel in its current condition. *Id.* at 3-4.

However, because this Court had jurisdiction over the Vessel, the bankruptcy court determined that it could not order any action as to the Vessel. *Id.* at 5. Therefore, the bankruptcy court lifted the stay as to the Vessel to allow the case *sub judice* to proceed. *Id.* The bankruptcy court ordered that "if the District Court determines in the Admiralty Action that the boat will be released for sale in this case, the debtors must" comply with the aforementioned conditions and immediately list the boat for sale with a broker approved by the bankruptcy court. *Id.* at 6.

By Order of April 25, 2019 (ECF 36), I advised the parties that I was inclined to release the Vessel from the Court's jurisdiction, thereby allowing sale of the Vessel to proceed, in accordance with the terms of Judge Catliota's order. I also directed the parties to advise the Court as to whether they consent to this disposition. *Id.* Further, I directed that if a party does not consent, it must submit a memorandum addressing the issues, supported by legal authority. *Id.*

On May 5, 2019, Howard Bank filed its opposition to the Court's proposed disposition. ECF 39. The Horans filed three "Emergency Lines." *See* ECF 37; ECF 40; ECF 43. Then, as noted, on May 10, 2019, the Court filed the Order now under reconsideration. The Court "release[d] control over the Vessel 'Mothership' to the bankruptcy court to effectuate its order of April 24, 2019, in the case of *In re Timothy & Valerie Horan*, No. TJC-19-10407[.]" And, the Court "stay[ed] this admiralty case until the Vessel is sold, but in no event later than September 6, 2019."

## II. Standard of Review

Plaintiff has filed a "Motion to Strike or to Reconsider" under Rule 60. However, the Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278–80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2–4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a

motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2–3; *Lewis v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015).

Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified: "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins.*

*Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Moreover, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 171 (3d ed. 2012) ("WRIGHT & MILLER") ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted); *see also* 11 WRIGHT & MILLER § 2810.1 at 156–57 (noting the same).

Fed. R. Civ. P. 60(b) is captioned "Relief from a Judgment or Order." Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own,

authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

For relief under Rule 60(b), plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(c) governs the timing for filing of a Rule 60 motion. As to reasons 1, 2, and 3, the motion must be filed within a year after entry of judgment. Otherwise, such a motion must be made "within a reasonable time. . . ."

"[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995). In *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962), the court stated: "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under that Rule."

In this case, the Motion to Reconsider was filed under Rule 60. Because it was filed within a few days of the Court's ruling, Rule 59 is the appropriate rule. Nevertheless, the analysis is largely the same.

### III. Discussion

Regardless of whether plaintiff's Motion to Reconsider is considered under Rule 59(e) or Rule 60, there is no basis for the Court to set aside its Order. Indeed, the Motion to Reconsider is little more than a rehashing of plaintiff's earlier arguments, which have already been considered and rejected by the Court. *See* ECF 39.

Moreover, the Motion to Reconsider rests primarily on the mistaken view that the Court has dismissed the foreclosure action and ordered the turnover of the Vessel. But, the Court only stayed the foreclosure action; it did not dismiss it. *See O'Hara Corp. v. F/V N. Star*, 212 B.R. 1, 4 (D. Me. 1997) ("My decision to honor the automatic stay does not divest this court of jurisdiction over the admiralty claims."). Similarly, the Order only "release[d] control over the Vessel 'Mothership' to the bankruptcy court to effectuate its order of April 24, 2019, in the case of *In re Timothy & Valerie Horan*, No. TJC-19-10407[.]" ECF 45. The Order should be read not as an endorsement of the bankruptcy court's order. Rather, it recognizes the bankruptcy court's authority to resolve the matter and its proficiency in doing so. To the extent that plaintiff opposes that turnover, it should address its arguments to the bankruptcy court, which the Order does not foreclose.

Plaintiff maintains that the bankruptcy action did not impede the Court's ability to proceed with the sale of the Vessel. ECF 47 at 3-4. The bankruptcy court effectively issued a conditional order. If the Court retained control over the Vessel, the stay was lifted as to the Vessel. On the other hand, if the Court released the Vessel, Howard Bank was directed to turn over the Vessel.

Like the admiralty courts in *Adams v. S/V Tenacious*, 203 B.R. 297 (D. Alaska 1996), and *O'Hara*, 212 B.R. 1, I chose not to withdraw the bankruptcy action. I am not persuaded that this action was mistaken.

Plaintiff also asserts that Admiralty Rule E requires a bond to be posted before a court can release a seized vessel for any reason. ECF 47 at 5-6. However, the precise contours of plaintiff's argument are unclear. If plaintiff is arguing that the Court cannot release the Vessel to the bankruptcy court unless the Horans post a bond, the argument strains credulity. On the other hand, if plaintiff is arguing that the Vessel cannot be turned over to the Horans unless they post a bond, the argument is misplaced. As noted, turnover was ordered not by this Court but by the bankruptcy court.

Next, plaintiff claims that the defendants' financial circumstances render the Order prejudicial. ECF 47 at 6-8. But, as noted in the Memorandum, plaintiff's lengthy discussion of the Horans' personal finances supports the Court's determination that the bankruptcy court is best equipped to resolve the disposition of the Vessel.

In addition, plaintiff maintains that the Order results in a procedural due process violation. In plaintiff's view, it was entitled to "notice and an opportunity for a hearing before effectively dismissing the foreclosure action[.]" ECF 47 at 8. The Court is baffled by plaintiff's claim that it had no notice.

As indicated, on April 25, 2019, I expressly advised the parties that I was inclined to release the Vessel to the bankruptcy court and directed them to advise the Court as to whether they consent to this disposition. ECF 36. It is unclear what other notice plaintiff was entitled to receive. In fact, as a result of this notice, plaintiff filed a seven-page memorandum in opposition to the Court's proposed disposition. ECF 39. Plaintiff also claims that it was entitled to a hearing. But, plaintiff

did not request a hearing, nor has plaintiff provided authority for the proposition that the Court was required to hold one.

Further, plaintiff asserts that the Order constitutes a "retroactive revision of a private contract" and thus a substantive due process violation of plaintiff's rights in the Vessel. ECF 47 at 8. As plaintiff knows, bankruptcy often entails the disruption of private contracts. More to the point, this argument is misdirected. Again, the Court has only released the Vessel to the bankruptcy court, thereby enabling it "to effectuate its order of April 24, 2019, in the case of *In re Timothy & Valerie Horan*[.]" The Court has not ordered the turnover of the Vessel.

## IV. Conclusion

In light of the foregoing, I shall deny the Motion to Reconsider, and I shall deny the Motion to Stay.

An Order follows.

Dated: May 20, 2019

/s/
Ellen Lipton Hollander
United States District Judge

cc: Bankruptcy Judge Thomas J. Catliota