IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOWARD BANK<br>*Plaintiff* | | |
| v. | | Civil Action No. ELH-18-3378 |
| M/V "MOTHERSHIP," *et al*.,<br>*Defendants.* | | |

## MEMORANDUM

On October 31, 2018, plaintiff Howard Bank (the "Bank") filed suit against defendants M/V "Mothership" (the "Vessel"), Timothy Edward Horan, and Valerie Jo Horan, asserting admiralty jurisdiction.  *See* ECF 1 (the "Verified Complaint).  In particular, plaintiff alleged breach of contract as to the Horans, jointly and severally (Count I), and sought foreclosure of a preferred ship mortgage as to the Vessel (Count II).  The Bank also moved for the appointment of a substitute custodian for the Vessel (ECF 2) and for the issuance of a warrant in rem (ECF 3), ordering the U.S. Marshal to take and retain custody of the Vessel.

The Court granted the motions on November 1, 2018 (ECF 11; ECF 12), and the warrant was executed the next day.  ECF 17.  Fierce litigation ensued.  For most of the time, the Horans were self-represented.

On May 10, 2019, the Court issued a Memorandum (ECF 44) and Order (ECF 45) releasing control of the Mothership to the Horans, staying this admiralty case, and directing the Horans to sell the vessel no later than September 6, 2019.  However, on September 3, 2019, with no sale on the horizon, the Bank filed a motion to return the Vessel for immediate sale at public auction.  ECF 60.  By Order of September 9, 2019, I granted the motion, directing the U.S. Marshal to sell the Mothership at public auction.  ECF 63.

Thereafter, the Horans filed numerous motions in an effort to prevent the sale of the Vessel.  ECF 67; ECF 80; ECF 84.  In addition, the Horans filed a "Claim and Counterclaim" (ECF 75) (the "Counterclaim"), which is supported by five exhibits.  ECF 75-1 to ECF 75-5. The Counterclaim contains four counts: "Fraud - Verification of Complaint - Exigent Circumstances" (Count I); "Fraud – 11 U.S.C. § 362 Automatic Stay Violation" (Count II); Breach of Contract (Count III); "Damage to Defendants Property – Vessel" (Count IV); and "Loss of Revenue" (Count V).  Defendants allege, *inter alia*, that the Bank's Verified Complaint contained misrepresentations intended to secure an arrest warrant; the Bank and the Horans entered into a forbearance agreement, promising not to pursue claims against the  Horans individually; the Bank damaged the Mothership; and they have suffered loss of revenue due to the seizure of the Vessel.

On November 13, 2019, the Bank filed a "Line Withdrawing Count I Breach of Contract of Verified Complaint."  ECF 76 (the "Line").  The Bank stated that on February 9, 2010, the Horans obtained a loan from First Mariner, which the Bank acquired through a merger.  The loan, in the amount of $187,00.00, is secured by a Preferred Ship's Mortgage on the Mothership. *Id*.  However, the Bank reported that it had become aware that the Horans were personally discharged from the debt in the course of Chapter 7 Bankruptcy proceedings in February 2014. *Id*.  Therefore, the Bank asserted that it was withdrawing its claims against the Horans for personal liability.

On November 14, 2019, the Court directed the Bank to clarify the effect of its voluntary dismissal on the auction of the Mothership.  ECF 77.  Over the course of several submissions, the Bank demonstrated that it has a valid security interest in the Vessel under the terms of a Preferred Ship Mortgage (ECF 22-2) executed by First Mariner Bank and the Horans on

2

February 9, 2010, reaffirmed in a Forbearance Agreement (ECF 83-1) executed on December 30, 2015.  *See* ECF 78; ECF 79; ECF 82; ECF 83.  Thus, I concluded that the Bank, as successor by merger to First Mariner Bank, had the right under the Preferred Ship Mortgage to collect on the debt by taking ownership of the Mothership, and denied defendants' motions seeking to stop the sale of the Vessel.  ECF 85.

The Mothership was sold at auction on December 11, 2019.  ECF 86; *see* ECF 96. Thereafter, on February 3, 2020, the Bank moved to dismiss the Counterclaim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  ECF 89.

On February 25, 2020, attorney John C. Gordon entered an appearance for the Horans. ECF 92.  Through counsel, on March 3, 2020, the Horans, requested an extension a time to amend the Counterclaim.  ECF 93.   The Court granted the motion the next day, directing defendants to file their Amended Complaint "no later than the end of the 14th day from the date [of the Order]," *i.e.*, by March 18, 2020.  ECF 98.  On March 24, 2020, the Bank submitted a "Line" notifying the Court that defendants' deadline had passed, without the filing of an amended counterclaim.  ECF 102.  The Horans did not respond.

By Order of April 23, 2020 (ECF 103), the Court observed that, in light of the Court's Standing Order extending filing deadlines because of the COVID-19 pandemic, the Horans' amended counterclaim was not due until June 10, 2020.  However, I observed that "an extension to June 10, 2020, is unnecessary; defendants have already had nearly two months to file an amended counterclaim."  *Id.*   Consequently, I directed the Horans to file an amended counterclaim by May 15, 2020.  *Id.*  I cautioned: "If an Amended Complaint is not filed by that date, I shall consider the Bank's motion to dismiss unopposed."  *Id.*

On May 15, 2020, defendants filed an Amended Counterclaim.  ECF 106.  The Amended Counterclaim contains no substantive claims for legal relief.  Instead, it reiterates the Horans' contention that no exigent circumstances existed to justify the seizure of the Mothership and that the Horans were entitled to a hearing before the Vessel was auctioned.

On May 26, 2020, the Bank moved to dismiss the Amended Counterclaim under Fed. R. Civ. P. 12(b)(1), asserting that the case is moot because the Mothership has been sold.  ECF 108 (the "Motion").  In addition, the Bank contends that the Horans' complaint regarding a hearing is meritless because the Court held a hearing on March 6, 2019, at which defendants had the opportunity to press their case.  *Id.* ¶ 31.

The Horans' response in opposition to the Motion was due June 9, 2020.  *See* Local Rule 105.2(a).[1]  The docket does not indicate that the Horans have responded. Because the Horans failed to file any opposition to the Motion, this Court has the discretion to dismiss the case, without reaching the merits.

When a motion to dismiss is not opposed, a district court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit *sua sponte*

---

[1] The timeline for the Horans' opposition was not altered by Chief Judge Bredar's Standing Order in regard to COVID-19; that Order extended deadlines that fell between March 16, 2020 and June 5, 2020.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19, Case 1:00-mc-00308*, Standing Order 2020-11 (D. Md. May 25, 2020).

for failure to prosecute." United States v. Moussaoui, 483 F.3d 220, 236 (4th Cir. 2007); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

To be sure, a party's failure to oppose a motion to dismiss is no guarantee of victory for the defendant, because the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *United States v. Sasscer*, Civ. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000). Here, however, it is clear that defendants' Amended Counterclaim is facially defective for the reasons set forth in the Bank's Motion.  Defendants were afforded a hearing before the Vessel was  sold.  And, the Bank adduced sufficient facts to demonstrate exigent circumstances that warranted the seizure of the Vessel.

Likewise, defendants' initial Counterclaim failed to allege plausible claims for relief. The Horans' claims for fraud fall far short of the pleading requirements imposed by Fed. R. Civ. P. 9(b).  The Horans' breach of contract claim fails because the Bank has withdrawn its claim against them personally.  And, the Horans' claims for "Damage to Defendants' Property" and "Loss of Revenue" are not independent causes of action.

Accordingly, I shall grant the Motion (ECF 108).  An Order follows, consistent with this Memorandum.

Date:  June 15, 2020                                             _____/s/_____
                                                                        Ellen Lipton Hollander
                                                                        United States District Judge